UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN L. BOOT,

    Petitioner,

v.

JAMES KEY,

    Respondent.

CASE NO. C18-24 TSZ-BAT

**REPORT AND RECOMMENDATION**

## DISCUSSION

Petitioner Kevin L. Boot petitions for 28 U.S.C. § 2254 habeas relief based on the Washington Indeterminate Sentence Review Board's 2014 decision to deny him release. Dkt. 4. The Court recommends **DENYING** Mr. Boot's habeas petition as time-barred and moot, and **DENYING** a certificate of appealability.

Section 2254 habeas petitions are subject to a one-year statute of limitations that are applicable both to petitions challenging state-court judgments and to petitions challenging decisions from administrative proceedings such as parole review. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). Section 2244(d)(1)(D) provides: "The limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The limitation

REPORT AND RECOMMENDATION - 1

1  period is, however, tolled during the pendency of a properly filed application for state collateral

2  review, such as a Washington state personal restraint petition. 28 U.S.C. § 2244(d)(2).

3  　　　　On November 20, 2014, the Board issued its parole decision denying Mr. Boot's release.

4  Dkt. 4, at 16–18; Dkt. 12-1, at 21–25. On that day, the statute of limitations began to run given

5  Mr. Boot had attended the hearing and received a copy of the decision. Dkt. 12-1, at 25. Giving

6  Mr. Booth the benefit of the prison mailbox rule, the limitations period ran for **363 days** until he

7  filed a PRP challenging the Board's November 20, 2014 decision on November 18, 2015. Dkt.

8  12-1, at 27; *see Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001) (under the prison

9  mailbox rule, a habeas petition is deemed filed the moment it is delivered to prison authorities

10 for forwarding to clerk of the district court). The statute of limitations was then tolled until the

11 Board's 2014 parole decision became final for federal purposes when the state supreme court

12 denied review on May 24, 2017. Dkt. 12-1, at 78–79. The limitations period then ran again,

13 expiring **two days later** on May 26, 2017. Based on the prison mailbox rule, Mr. Boot filed his

14 habeas petition on October 2, 2017. Dkt. 4, at 15. By that time, the statute of limitations had

15 expired **129 days earlier**. Mr. Boot has suggested no cognizable basis for equitable tolling. *See*

16 *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012 (9th Cir. 2009) ("The Supreme Court and the

17 policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners

18 facing extraordinary circumstances that prevent them from timely filing federal habeas

19 petitions."). Mr. Boot's only stated reason for allowing so much time to elapse before filing his

20 federal habeas petition was his misapprehension that the statute of limitations did not begin to

21 run until after the state supreme court denied review of his PRP in May 2017. *See* Dkt. 14, at 2

22 ("Making the 1-year period of limitation would start on May 24, 2017."). Mr. Boot's habeas

23 petition is therefore time-barred.

REPORT AND RECOMMENDATION - 2

1   Mr. Boot's current habeas petition is also moot. Although Mr. Boot challenges the 2014

2   parole decision, he has since been denied release in a 2017 decision. Dkt. 12-1, at 9–14. The

3   Court can no longer provide relief based on the 2014 decision because his continued confinement

4   is premised on the 2017 denial of parole. *See Burnett v. Lampert*, 432 F.3d 996 (9th Cir. 2005).

## CERTIFICATE OF APPEALABILITY

6   A prisoner seeking post-conviction relief under § 2254 may appeal a district court's

7   dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district

8   or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing

9   of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this

10  standard "by demonstrating that jurists of reason could disagree with the district court's

11  resolution of his constitutional claims or that jurists could conclude the issues presented are

12  adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

13  (2003).

14  Under this standard, the Court finds that no reasonable jurist would disagree that Mr.

15  Boot's claims are time-barred and moot. Mr. Boot should address whether a COA should issue in

16  his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

18  This Report and Recommendation is not an appealable order. Therefore a notice of

19  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

20  assigned District Judge enters a judgment in the case.

21  Objections, however, may be filed and served upon all parties no later than **May 22,**

22  **2018.** The Clerk should note the matter for **May 25, 2018**, as ready for the District Judge's

23  consideration if no objection is filed. If objections are filed, any response is due within 14 days

1  after being served with the objections. A party filing an objection must note the matter for the

2  Court's consideration 14 days from the date the objection is filed and served. The matter will

3  then be ready for the Court's consideration on the date the response is due. Objections and

4  responses shall not exceed **twelve (12) pages**. The failure to timely object may affect the right to

5  appeal.

6      DATED this 1st day of May, 2018.

```
                                        _____
                                        BRIAN A. TSUCHIDA
                                        Chief United States Magistrate Judge
```